Carlin v. Donegan.

---

JAMES CARLIN v. DANIEL F. DONEGAN.

NEW TRIAL; *Alleged Misconduct of Judge; Form of Verdict.* Where a new trial is sought on the ground of the alleged misconduct of the judge, and in support thereof it is shown that the action was one for an accounting between partners, in which a principal question was, whether a certain writing contained the terms of the partnership, and that the judge, after charging the jury that it was for them to determine what were the terms of the partnership, and instructing them specially to find for what purpose the writing was executed by the parties, without the knowledge of counsel handed to the jury, as they were about to retire, a form of a verdict, to be used in case they found that the writing did contain the terms of

the partnership, which form the jury adopted, and where it is not shown that he did not at the same time submit a form to be used in case the jury found otherwise, or that he made any suggestions or intimations to influence the jury to adopt that form, or that his charge was not in all respects entirely fair and impartial, *held*, that there was no sufficient showing to entitle a party to a new trial.

*Error from Saline District Court.*

AT the March Term 1874, *Donegan*, in an action in which he was plaintiff, and wherein *Carlin* was defendant, recovered a judgment against *Carlin* for $1,077.23, and costs. After the close of said term, *Carlin*, as plaintiff, commenced this action against *Donegan* as defendant, as provided by § 310 of the civil code, to vacate and set aside said judgment, and for a new trial of said first-mentioned action, on account of alleged misconduct of the district judge. No answer was filed to this petition, said § 310 of the code providing, that "The facts stated in the petition shall be considered as denied without answer." The transcript shows, that afterward, and at the May Term 1874, of said district court, the following proceedings were had, and entered upon the journal:

(*Title.*) "This day comes on for hearing the petition of the said *James Carlin*, plaintiff herein, said plaintiff appearing in person and by his attorney T. F. Garver, and the defendant *Daniel F. Donegan* appearing by his attorneys, Spivey & Wildman; and thereupon the said petition is read to the court, and the plaintiff offers to introduce witnesses to support the allegations of said petition, which is refused by the court; and the said plaintiff is not allowed to introduce any testimony to maintain the issues herein on his behalf—to which ruling of the court the said plaintiff excepts. And judgment is thereupon rendered against said plaintiff for costs of this suit."

*Carlin* brings the case here on error for review. (No briefs have come to the hands of the reporter.)

*T. F. Garver*, for plaintiff.

*Spivey & Wildman*, for defendant.

The opinion of the court was delivered by

BREWER, J.: This was a petition for a new trial, brought after the term at which judgment was rendered, and on account of the alleged misconduct of the judge before whom the case was tried. As the district court refused to hear any testimony under this petition, the allegations in it must, for the purposes of this case, be taken as true; and the only question is, whether upon those allegations there is any ground for relief. A brief statement of the facts as alleged will be necessary. "Before the March Term of the Saline district court, the defendant in error, Donegan, commenced an action against the plaintiff in error, Carlin, for an accounting between them as partners, and to recover the amount that might be found due from Carlin to Donegan. Said case was tried, and at the March Term 1874, a judgment was entered therein against Carlin for the sum of $1,077.23, and costs. One of the issues submitted to a jury for trial was, what were the terms of the partnership agreement? Donegan claimed a certain writing to be the agreement. Carlin denied that it was executed for such purpose, and alleged in his answer that it did not contain, and was not intended to contain, the terms of the agreement. Testimony was introduced by both plaintiff and defendant as to the character and purpose of the writing, and the terms of their agreement. The jury returned a special verdict of the terms of the partnership — said verdict embracing the disputed writing, without change, and saying that the terms of the agreement were as contained in it. This verdict was allowed to stand by the court, and the rights of the defendant therein determined by it. After the term of court at which the trial was had, Carlin discovered, and learned, for the first time, that so much of the special verdict of the jury as was made up of the disputed writing had been inserted in the blank form for the verdict by the judge before the jury retired, and as they were about to retire, to deliberate upon their verdict. The jury added a

Statement of facts.

few unimportant conditions, and brought in as their verdict the form given them by the judge with the writing. The action of the judge was secret, and unknown to the defendant or his attorneys until long afterward."

We have taken this statement from the brief of counsel for plaintiff in error, as presenting in full the facts upon which he founds his claim for itself. It should also be stated that the petition alleges that the court instructed the jury that it was for them to determine what were the terms of the partnership agreement, and also instructed them "specially to say for what purpose the writing set up in said petition was executed by said parties." The form of the verdict as given is, "We the jury impanneled and sworn in the above entitled cause do upon our oaths find that the terms of the partnership between plaintiff and defendant were as shown by the writing set up in plaintiff's petition, which writing is as follows, to-wit," etc., (giving the writing.) It would seem from the petition that the judge prepared and handed to the jury more than the one form, for it alleges that "the judge of said court on said trial prepared or caused to be prepared *forms* of verdict for the jury." But the form we have above copied, and which was the one returned by the jury, is the only one recited, or whose character is given in the petition. If the judge simply prepared two forms, one answering to the case as the plaintiff claimed it, and the other to that as the defendant claimed it, and submitted the two to the jury, with instructions to determine between them, or if preparing but one form he instructed them that the insertion of negative words was all that was necessary for the appropriate opposite verdict, it would be difficult to see how either party were wronged. The case however might have been one in which it were easy to prepare a form for the verdict if in favor of the one party, and impossible to prepare it if in favor of the other. Thus, if the claim of the one party was, that the terms of the partnership were expressed in a certain writing, it would be perfectly easy to prepare a form for the jury, if they found that to be the fact; while if the claim of the adverse party was,

that the terms of the partnership were not so expressed, but rested in parol, and the evidence of that parol agreement was not harmonious, but conflicting and indefinite, it would be impossible for a court to determine beforehand what might be the conclusions of the jury upon this conflicting testimony, or prepare a form to express those conclusions. But whether either of these suggestions be true in this case, we can only conjecture, for the petition is silent. And surely, before misconduct is imputed to a judge on the trial of a cause, the whole of his conduct in respect thereto should be disclosed.

We might properly stop here. Indeed, this is as far as under the record we can legitimately carry a decision. We may be pardoned however a few suggestions beyond. Assuming, for the purpose of the argument, that it affirmatively appeared that the judge submitted only the one form, and that under the testimony it were perfectly easy to have submitted a form answering to the claim of the opposite party, and then could this action be maintained? It is not pretended that he directed the jury to return this verdict. On the contrary, it is expressly stated that he charged the jury that it was for them to determine whether the writing contained the partnership agreement. There is no intimation that the charge was other than fair and impartial. That which was handed to the jury was a *mere form*, was handed to them as such. It is often not merely the privilege but the duty of the court to assist the jury in placing the verdict in proper form, especially when as in this case a special verdict is asked. It does not appear that anything more was done in this case than simply discharge this duty. All that could possibly be urged against it is, that from the simple form the jury might be led to think that the opinion of the court was in favor of such a verdict. Now while it is the province of the jury to settle all disputed questions of fact, and the duty of the judge in no way to trespass upon their functions, and to be careful not to cast his own judgment upon the facts into the scale to affect their conclusions, yet the simple fact that from some portion of his conduct an intimation may be derived as to his

own convictions of the testimony, is not of itself sufficient to disturb a verdict. We do not mean to say, that the conduct of a judge may not be so partisan, his expressions or intimations of his own views so strong and decided, that though he in terms charges the jury that they are to determine the facts, and not he, yet in furtherance of justice a reviewing court ought to set the verdict aside. But this is no such case. It does not appear but that the judge was acting in the utmost good faith, with that clear impartiality which distinguishes the learned judge before whom this case was tried, and with a simple desire to assist the jury in the preparation of that most difficult of all verdicts, a special verdict. And in such a case, something more than the mere handing of a form of a verdict to the jury must exist, before a new trial should be granted.

The judgment will be affirmed.

All the Justices concurring.